EDWARD C. SHEEHY, Appellant, *v.* JOSEPH J. KELLY,. Respondent.

*Additional allowance — upon what it is to be computed in an action to restrain the enforcement of a final determination in summary proceedings.*

Appeal from a ·judgment, recovered on a trial at a Special Term, and from an order directing an additional allowance of costs.

The action was brought to restrain the execution of a final determination ·in proceedings for a forcible entry into certain demised premises.

The court at General Term said : " But it did not result from the fact that the action was without merit that the court could lawfully make an allowance against the plaintiff, as it did, in the sum. of one thousand dollars.

" All that was in controversy, as the subject of the action, was a leasehold interest for the ·period of one year.   The title of the les-- sor was averred not for the purpose of establishing it as an independent fact, but to maintain the validity of the demise.   It was- incidentally, therefore, and not directly in controversy.   It was not brought into the case as the subject of the action, but to support the lease, upon which alone the right to maintain the action· depended.   The sole and only purpose was to support the lease and under it to secure the possession and occupancy of the premises during the term for which it had been taken.   The leasehold interest was therefore the subject of the action, and upon its value alone· the allowance should have been estimated if the case was deemed proper for the exercise of that authority.   The value of that would·

sustain no such direction as was given on this subject. For it was not to exceed the sum of one hundred dollars.

" It may well be doubted whether any allowance whatever could regularly be made in such an action. (*Grissler* v. *Stuyvesant*, 67 Barb., 81.) But even if the action should be deemed a proper one for an allowance, it should, in no event, have exceeded the sum of five dollars. And that was too small an amount to require the exercise of doubtful authority."

*James Henderson*, for the appellant.

*John Townshend*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed in opinion, and as modified affirmed, without costs.